## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STREAMLINE AUTOMATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 20-1560-CFC |
| | ) | |
| IFIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Court's Scheduling Order (D.I. 15) ¶ 17, the parties hereby submit the attached Amended Joint Claim Construction Chart Identifying for the Court the terms/phrases of the asserted claims of U.S. Patent No. 9,144,709 ("the '709 patent"), U.S. Patent No. 9,272,186 ("the '186 patent"), and U.S. Patent No. 9,586,091 ("the '091 patent") that have been agreed and those that remain in dispute.

The parties have agreed to the construction of the following terms:

| Claim Term and Claims | Agreed Construction |
|---|---|
| "said controller"<br><br>'709 patent claim 7. | A controller. |
| "means for communication [between said exercise system and the external video game system]"<br><br>'709 patent claims 1, 12. | **Function**: communication between said exercise system and the external video game system.<br><br>**Structure**:  wired and/or wireless digital link 726 between the exercise system 100 and game system 700 carrying analog and/or digital information, a signal transmitted from the gaming system wirelessly 742 using any part of the electromagnetic spectrum, an optical signal, and a signal transmitted from the exercise system wirelessly 744 using any part of the electromagnetic spectrum. |
| means for communication [with the secondary user]<br><br>'186 patent claims 1, 11.<br><br>'091 patent claims 1, 11. | **Function**: communication with the secondary user.<br><br>**Structure**: wired and/or wireless digital link 726 between the exercise system 100 and game system 700 carrying analog and/or digital information, a signal transmitted from the gaming system wirelessly 742 using any part of the electromagnetic spectrum, an optical signal, and a signal transmitted from the exercise system wirelessly 744 using any part of the electromagnetic spectrum; cloud 812, the internet 814, or over a local area network 816.[1] |

---

[1] The parties reserve the right to argue whether, factually, the cloud, the internet, and/or a local area network are within the scope of the corresponding structure for the '709 patent. iFIT maintains that "cloud 812, the internet 814, or over a local area network 816" are separate and additional corresponding structure to "wired and/or

The parties dispute the construction(s) of the following terms:[2]

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 1 | "electric motor"<br><br>'709 patent claims 1, 3, 5, 6, 8, 10, 12.<br><br>'186 patent claims 1, 2, 7, 8, 10, 13. | An electrical machine that converts electrical energy to mechanical energy. | '709 patent at Abstract, 2:43-49, 3:40-43, 3:46-47, 3:50-51, 4:4-21, 4:30-39, 4:44-47, 4:65-5:3, 5:42-57, 6:29-36, 7:6-8, 7:17-28, 10:63-67, 12:4-13, 12:19-24, Figs. 1, 2, 4, 6, claims 1-12.<br><br>'186 patent at Abstract, 2:43-49, 3:41-44, 3:46-47, 3:51-52, 4:19-36, 4:44-52, 4:53-61, 5:11-16, 5:56-6:3, | An electrical machine that converts electrical energy to mechanical energy that is distinct from an electric servo assist/resist motor, a | '709 patent at 4:65-5:25.<br><br>'186 patent at 5:11-14.<br><br>Any intrinsic evidence cited by Plaintiff. |

wireless digital link 726 between the exercise system 100 and game system 700 carrying analog and/or digital information, a signal transmitted from the gaming system wirelessly 742 using any part of the electromagnetic spectrum, an optical signal, and a signal transmitted from the exercise system wirelessly 744 using any part of the electromagnetic spectrum."

[2] The '091 patent is a continuation of the '186 patent and share a substantively identical specification. The parties have agreed that citations to the specification of the '186 patent should be considered to apply equally to the '091 patent where a term appears in both patents.

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| | '091 patent claims 1, 2, 7, 8, 10, 13. | | 6:41-48, 7:19-21, 7:26-42, 10:65-11:3, 12:7-15, 12:21-26, Figs. 1, 2, 4, 6, claims 1-15.<br><br>'091 patent at claims 1-20.<br><br>Any intrinsic evidence cited by Defendant. | variable speed motor, or an actuator. | |
| 2 | "electric motor provides physical resistance to movement of said user interface through said cable."<br><br>'709 patent claims 1, 12. | Plain and ordinary meaning. | '709 patent at Abstract, 2:43-49, 3:40-43, 3:46-47, 3:50-51, 4:4-21, 4:30-39, 4:44-47, 4:65-5:3, 5:42-57, 6:11-36, 6:66-7:8, 7:17-28, 7:66-8:5, 9:26-29, 10:16-19, 10:54-55, 10:63-67, 11:19-24, 12:4-13, 12:19-24, Figs. 1, 2, 4, 6.<br><br>'709 claims: 1-12<br><br>App. No. 12/545,324, 3/28/13 Response.<br><br>Any intrinsic evidence cited by Defendant. | Plain and ordinary meaning in light of the intrinsic evidence, i.e., the electric motor directly supplies and is the source of the physical resistance via a cable. | '709 patent at Abstract, 2:57-62, 3:61-4:1, 4:26-39, 6:25-28, 7:47-9:42.<br><br>'709 patent at 6:38-7:46, 7:4-25, 7:34-39, 7:48-63, 10:16-11:6, Figs. 2, 4, 7.<br><br>App. No. 12/545,324, 3/28/13, Response dated March 28, 2013.<br><br>Any intrinsic evidence cited by Plaintiff. |

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 3 | "electric motor configured to provide a resistive force"<br><br>'186 patent claim 1.<br><br>'091 patent claim 1. | Plain and ordinary meaning. | '186 patent at Abstract, 2:43-49, 3:41-44, 3:47-48, 3:51-52, 4:19-36, 4:44-61, 5:11-16, 5:56-6:3, 6:23-48, 7:11-20, 7:26-41, 8:10-16, 10:18-21, 10:57-58, 10:65-11:3, 11:15-20, 12:7-15, 12:21-26, Figs. 1, 2, 4, 6, claims 1-15.<br><br>'091 patent at claims 1-20.<br><br>App. No. 13/737,735, Non-Final Rejection dated 10/6/14 and cited references and 5/21/15 response.<br><br>Any intrinsic evidence cited by Defendant. | Plain and ordinary meaning in light of the intrinsic evidence, i.e., the electric motor directly supplies and is the source of the resistive force via a cable. | '186 patent at 4:19-67, 7:19-60, 8:9-16, 8:44-48, 9:46-58, 10:3-8, 10:10-31, 10:42-11:3, 11:10-12:15, 12:20-56, 13:16-26, 14:60-15:2, 15:47-50, Figs. 1, 4.<br><br>Any intrinsic evidence cited by Plaintiff. |

ME1 39471500v.1

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 4 | "resistive force supplied by [the/said] electric motor"<br><br>'186 patent claims 1, 2, 7, 10, 13.<br><br>'091 patent claims 1, 2, 7, 10, 13. | Plain and ordinary meaning. | '186 patent at Abstract, 2:43-49, 3:41-44, 3:47-48, 3:51-52, 4:19-36, 4:44-61, 5:11-16, 5:56-6:3, 6:23-48, 7:11-20, 7:26-41, 8:10-16, 10:18-21, 10:57-58, 10:65-11:3, 11:15-20, 12:7-15, 12:21-26, Figs. 1, 2, 4, 6, claims 1-15.<br><br>'091 patent at claims 1-20.<br><br>App. No. 13/737,735, Non-Final Rejection dated 10/6/14 and cited references and 5/21/15 response.<br><br>Any intrinsic evidence cited by Defendant. | Plain and ordinary meaning in light of the intrinsic evidence, i.e., the electric motor directly supplies and is the source of the resistive force via a cable. | '186 patent at 4:19-67, 7:19-60, 8:9-16, 8:44-48, 9:46-58, 10:3-8, 10:10-31, 10:42-11:3, 11:10-12:15, 12:20-56, 13:16-26, 14:60-15:2, 15:47-50, Figs. 1, 4.<br><br>Any intrinsic evidence cited by Plaintiff. |

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 5 | "altering a resistance profile provided to said cable from said electric motor…via software and without a mechanical change." <br><br> '709 patent claim 1. | Changing the resistance through software without the user mechanically changing the resistance. | '709 patent at Abstract, 3:46-47, 4:4-25, 4:30-39, 4:40-54, 4:65-5:3, 5:11-25, 6:1-28, 7:66-8:65, 9:43-10:6, 11:19-58, 12:17-13:19, Fig. 4. <br><br> App. No. 13/737,724, 11/18/14 Non-Final Rejection and cited references and 5/18/15 Response. <br><br> App. No. 12/545,324, 3/18/13 Response and cited references. <br><br> Any intrinsic evidence cited by Defendant. | Changing the resistance supplied by the motor to the cable via software and without an additional[3] movement of mechanical parts. | '709 patent at Abstract, 4:55-57, 4:65-5:25, 5:29-10:6, 10:15-18, 10:22-28, 10:63-67, 11:7-34, 12:18-31, 12:42-43, 13:11-22, 13:29-33. <br><br> App. No. 13/737,724, 11/18/14 Non-Final Rejection, dated November 18, 2014. <br><br> App. No. 13/737,724, Response dated May 18, 2015 and cited references. <br><br> App. No. 12/545,324, Response dated March |

---

[3] iFIT proposed this additional language for the first time in its sur-reply. Streamline asks to be heard on this construction at the *Markman* hearing.

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| | | | | | 28, 2013 and cited references<br><br>Any intrinsic evidence cited by Plaintiff. |

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 6 | "external video game system"<br><br>'709 patent claims 1, 12. | Video game system including at least one component that is not physically contained in the exercise system. | '709 patent at Abstract, 3:25-36, 3:48-49, 3:52-53, 3:61-4:3, 10:41-62, 13:28-14:67, Figs. 5, 7.<br><br>Any intrinsic evidence cited by Defendant. | A non-embedded external game system. | '709 patent at Abstract, 3:34-36, 4:1-3, 8:59, 11:46, 13:29-14:67, claim 1, claims 11-12, Fig. 7.<br><br>Any intrinsic evidence cited by Plaintiff. |
| 7 | "iso-inertial resistance"<br><br>'709 patent claim 12. | Resistance force applied to the user interface that is maintained at an about constant level. | '709 patent at 7:66-8:5.<br><br>Any intrinsic evidence cited by Defendant. | Resistance force applied to the user interface that is maintained at about a constant level of force through the full range of motion or rep. | '709 patent at 7:66-8:44, 10:7-22, 11:60-67.<br><br>Any intrinsic evidence cited by Plaintiff. |

| No. | Claim Term and Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 8 | "iso-inertial force"<br><br>'091 patent claim 1. | Resistance force applied to the user interface that is maintained at an about constant level. | '091 patent at 8:13-19.<br><br>Any intrinsic evidence cited by Defendant. | Resistance force applied to the user interface that is maintained at about a constant level of force through the full range of motion or rep. | '186 patent at 7:60-8:54, 10:15-10:28, 11:15-11:43.<br><br>Any intrinsic evidence cited by Plaintiff. |
| 9 | "moves in a direction opposite said first direction"<br><br>'186 patent claim 1. | Plain and ordinary meaning. | '186 patent at 4:61-63, 8:41-54, 9:32-44, 10:25-41.<br><br>Any intrinsic evidence cited by Defendant. | Plain and ordinary meaning, i.e., a direction opposite does not mean merely a different direction. | '186 patent at 9:32-9:45.<br><br>Any intrinsic evidence cited by Plaintiff. |

ME1 39471500v.1

MCCARTER & ENGLISH, LLP

/s/ Alexandra M. Joyce
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Robert F. Shaffer
Jason L. Romrell
Cara E. Regan
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER,
LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Megan L. Meyers
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER,
LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Luke H. MacDonald
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER,
LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

RICHARDS, LAYTON & FINGER, P.A.

/s/ Christine D. Haynes
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Valerie A. Caras (#6608)
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com
caras@rlf.com

OF COUNSEL:

Taylor J. Wright
Alexis K. Juergens
Ray Nelson
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, Utah 84111
(801) 297-1850

*Attorneys for Defendant/
Counterclaim Plaintiff iFIT, Inc.*

11

ME1 39471500v.1

*Attorneys for Plaintiff/ Counterclaim*
*Defendant Streamline, LLC*

Dated: February 4, 2022

ME1 39471500v.1